UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
 )
 ) NOTICE OF MOTION FOR RELIEF
 ) FROM (Check all that apply):
 ) AUTOMATIC STAY IN A **CHAPTER 7/13** CASE
Debtor(s) ) CHAPTER **13** CODEBTOR STAY

I. YOU ARE NOTIFIED that a Motion was filed by _____, the moving party, for (Check all that apply):

  ☐ Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 USC §362.

  ☐ Relief from the stay protecting the codebtor, whose name and service address are: _____
  _____,
  and codebtor's property as provided by 11 USC §1301.

II. A copy of the Motion is attached. The name and service address of the moving party's attorney (or moving party, if no attorney) are:_____
_____

III. If you wish to resist the Motion, you must, within 14 days of the service date shown below, file the following with the Clerk of the U.S. Bankruptcy Court [NOTE: if you mail or have a courier deliver the Response to the Court for filing, you must mail it or initiate the delivery sufficiently before the deadline so that it will actually be received at the Court on time.]

  A. A written response that states the facts supporting the opposition to the Motion by filling in the applicable "Response" portions on a copy of the original Motion. [NOTE: If the Response will be electronically filed, the Response must be prepared using the "fillable" pdf version of the original Motion unless the Motion was filed on paper and could not be electronically obtained from the movant];

And B. A fully completed Notice of Hearing using Local Form #721, including the date and time of the hearing. Available hearing dates and times are posted on the Court's website at www.orb.uscourts.gov under the "Hearings" heading. If you do not have internet access, please call the Court at (503) 326-1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information from a Court clerk.

IV. Failure to Respond and Serve Proper Notice of Hearing. If you fail to file a timely response and a proper Notice of Hearing, then either:

  A. The automatic stay will expire as to the debtor(s) pursuant to 11 USC §362(e) 30 days after the Motion was originally filed, and/or the stay protecting the codebtor will automatically expire pursuant to 11 USC §1301(d) 20 days after the date the Motion was originally filed;

Or B. The Court may sign an ex parte order, submitted by the moving party on Local Form #720.90, granting relief from the debtor stay and/or codebtor stay.

Clerk, U.S. Bankruptcy Court
[NOTE: If the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401.]

I certify that: (1) The Motion was prepared using the Court's "fillable" PDF version of Local Form #720.80; and (2) that on _____ I served copies of this Notice and the Motion on the Debtor(s), any codebtor at the address listed above, Trustee, U.S. Trustee, members of any committee elected pursuant to 11 USC §705, and their respective attorneys.

_____
Signature of Moving Party or Attorney **(OSB#)**

720 (12/1/13)

Case 16-30677-rld7    Doc 9    Filed 03/08/16

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No._____
)
) (CHECK ALL APPLICABLE BOXES)
) Ch. 7/13 Motion for Relief from
) ☐ DEBTOR  ☐ Chapter **13** CODEBTOR Stay
) Filed by Creditor:
) _____
) *Response to Stay Motion filed by Respondent:*
Debtor(s) ) _____

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

    a. Description of collateral (car model, year, VIN, property address):

    b. Amount of debt: $_____ consisting of principal: $_____; interest: $_____; other:

    c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:

    Total debt secured by collateral (total 1.b. + 1.c.): $_____.

    d. Value of collateral: $_____.
       Equity in collateral: $_____, after deducting $_____ liquidation costs.

    e. Current monthly payment: $_____.

    f. If Chapter 13:

       (1) $_____ postpetition default consisting of (e.g., $\_\_\_\_ payments, $\_\_\_\_ late charges, $\_\_\_\_ fees):

       (2) $_____ prepetition default consisting of ☐ amounts specified in proof of claim, or, ☐ consisting of:

    g. If Chapter 7, total amount of default $_____.

*RESPONSE (Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
   Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
   Lack of insurance on collateral.
   No equity in the collateral and the property is not necessary for an effective reorganization.
   Failure of debtor to make Chapter 13 plan payments.
   Failure of debtor to make payments to secured creditor required by ¶4 of Chapter 13 plan.
   Other (describe):

*RESPONSE (Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

3. **Background** *(To be completed by creditor)*

   a. Date petition filed: _____    Current Chapter: ____ (7 or 13)
      If 13, current plan date _____ Confirmed:  Yes   No
      If 13, treatment of creditor's prepetition claim(s) in plan:

      If 7, debtor   has   has not stated on Local Form (LBF) #521 or #521.05 that debtor intends to surrender the collateral.

   b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see ¶6 below):
      Security agreement, trust deed or land sale contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on _____.
      Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
      Other (describe):

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (Only Chapter **13**)

   a. _____, whose address is _____
      _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):   codebtor received the consideration for the claim held by creditor,   debtor's plan does not propose to pay creditor's claim in full,   creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or   because:

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

5. **Other Pertinent Information** *(To be completed by creditor, if applicable):*

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

   Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

   Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion.  (*If you check this box, you must complete ¶5 above to support this request.  If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*)

   Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

   Other (describe and explain cause):

*RESPONSE (Identify any disputed items and specify the pertinent facts.  If respondent agrees to some relief, attach a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

7. **Documents:**

   **If creditor claims to be secured in ¶3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

   **If this case is a Chapter 13 case and the collateral as to which creditor seeks stay relief is real property**, creditor has attached to and filed with this motion a postpetition payment history current to a date not more than 30 days before this motion is filed, showing for each payment the amount due, the date the payment was received, the amount of the payment, and how creditor applied the payment.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:

    Postpetition payment history if not required above.
    Documents establishing that creditor owns the debt described in ¶1 or is otherwise a proper party to bring this motion.
    Other document(s) (specific description):

CREDITOR/ATTORNEY

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **DEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **CODEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

*YOU ARE HEREBY NOTIFIED THAT THE CREDITOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

720.80 (12/1/14)        Page 4 of 4

# RETAIL INSTALLMENT CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number _____ Contract Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| BOB CARLSON INC | RICHARD S BARRERAS JR | WESTON BUICK GMC, INC<br>22555 SE STARK ST<br>GRESHAM OR 97030 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-in-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2015 | GMC SIERRA 25 | 15 | 1GT12ZE83FF100293 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural _____ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $0.00 |
|---|---|---|---|---|
| 3.49 % | $ 7930.14 | $ 71253.30 | $ 79183.44 | $ 79183.44 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 1099.77 | Monthly beginning 04/22/2014 |

Or As Follows: N/A
N/A
N/A

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5 % of the part of the payment that is late.

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ N/A sales tax) ........................ $ 59805.70 (1)
2. Total Downpayment =
   Trade-in 2013 GMC SIERRA 2500H
       (Year) (Make) (Model)
   Gross Trade-in Allowance    $ 35750.00
   Less Pay Off Made By Seller $ 47691.36
   Equals Net Trade In         $ -11941.36
   + Cash                      $ 4000.00
   + Other N/A                 $ N/A
   (If total downpayment is negative, enter "0" and see 4G below)  $ 0.00
3. Unpaid Balance of Cash Price (1 minus 2) ........................ $ 59805.70 (2)
4. Other Charges including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies
      Life       $ N/A
      Disability $ N/A     $ N/A
   B. Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   C. Official Fees Paid to Government Agencies:
      to N/A   for N/A   $ N/A
      to N/A   for N/A   $ N/A
      to N/A   for N/A   $ N/A
   D. Government Taxes Not Included in Cash Price  $ N/A
   E. Government License and/or Registration Fees
      REGISTRATION   $ 6.00
   F. Government Certificate of Title Fees  $ 77.00
   G. Other Charges (Seller must identify who is paid and describe purpose.)
      to TD AUTO for PAY OFF for Prior Credit or Lease Balance $ 7941.36
      to N/A   for N/A   $ N/A
      to NAW   for SERVICE CONTRACT   $ 3323.24
      to WESTON BUICK GMC for TIT/REG PROCESS FE $ 100.00
      to N/A   for N/A   $ N/A
      to N/A   for N/A   $ N/A
      to N/A   for N/A   $ N/A
      to N/A   for N/A   $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf  $ 11447.60 (4)
5. Amount Financed (3 + 4)  $ 71253.30 (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, Item 5, is paid in full on or before N/A, Year ____. SELLER'S INITIALS N/A

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ _____ N/A
Credit Disability $ _____ N/A
Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**
☐ N/A                       N/A
   Type of Insurance         Term
Premium $ _____           N/A
Insurance Company Name N/A
Home Office Address N/A

☐ N/A                       N/A
   Type of Insurance         Term
Premium $ _____           N/A
Insurance Company Name N/A
Home Office Address N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X N/A                       N/A
Buyer Signature             Date

X N/A                       N/A
Co-Buyer Signature          Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.**

**Returned Check Charge:** You agree to pay a charge of $ 35.00 if any check or electronic payment you make is returned unpaid.

### NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE:** The seller intends to sell this contract to TD AUTO FINANCE LLC _____, which, if it buys the contract, will become the owner of the contract and your creditor. After the sale of this contract, all questions concerning either terms of the contract or payments should be directed to the buyer of the contract at the address indicated above.

### NOTICE TO THE BUYER

Do not sign this contract before you read it or if it contains any blank space, except that:
(1) If delivery of the motor vehicle or mobile home is to be made to you after this contract is signed, the serial number or other identifying information and the due date of the first installment may be filled in at the time of delivery; and (2) If the name of the financing agency is not known at the time this contract is executed, the name of the financing agency may be inserted in the contract on or about the date the name of the financing agency is known.
You are entitled to a copy of this contract.
You have the right to pay in advance the full amount due and if you do so you may save a portion of the finance charge.

### CONSUMER PAPER

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

### RETAIL INSTALLMENT CONTRACT

Buyer Signs X _____ Date 03/08/14  Co-Buyer Signs X _____ Date 03/08/14

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A   Address N/A
Seller signs WESTON BUICK GMC, INC   Date 03/08/14 By X _____ Title CBM

Seller assigns its interest in this contract to TD AUTO FINANCE LLC _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse  ☐ Assigned without recourse  ☐ Assigned with limited recourse
WESTON BUICK GMC, INC
Seller _____ By _____ Title _____

FORM NO. 553-OR 4/12

ORIGINAL LIENHOLDER

**Exhibit A**

Case 16-30677-rld7   Doc 9   Filed 03/08/16

OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      • The vehicle and all parts or goods put on it;
      • All money or goods received (proceeds) for the vehicle;
      • All insurance, maintenance, service, or other contracts we finance for you; and
      • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle.
      WARNING
      Unless you provide us with evidence of the insurance coverage as required by our contract or loan agreement, we may purchase insurance at your expense to protect our interest. This insurance may, but need not, also protect your interest. If the collateral becomes damaged, the coverage we purchase may not pay any claim you make or any claim made against you. You may later cancel this coverage by providing evidence that you have obtained property coverage elsewhere.
      You are responsible for the cost of any insurance purchased by us. The cost of this insurance may be added to your contract. If the cost is added to your contract, the interest rate on the underlying contract will apply to this added amount. The effective date of coverage may be the date your prior coverage lapsed or the date you failed to provide proof of coverage.
      The coverage we purchase may be considerably more expensive than insurance you can obtain on your own and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.
      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      • You do not pay any payment on time;
      • You give false, incomplete, or misleading information on a credit application;
      • You start a proceeding in bankruptcy or one is started against you or your property; or
      • You break any agreements in this contract.
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we refer this contract for collection to an attorney who is not our salaried employee, you will pay the attorney's fee, plus the court costs and disbursements. You will also pay any collection costs we incur as the law allows.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle. We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us, unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. The following paragraph also does not apply at all if the vehicle is a new vehicle you bought primarily for personal, family, or household use.
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Servicing and Collection Contacts.**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **Applicable Law**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Form No. 553-OR 4/12

Case 16-30677-rld7    Doc 9    Filed 03/08/16

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
|  | 1409166876 | 040114 | N/N |  |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO |
|---|---|---|---|---|---|
| 2015 | GMC | CW | SRA | 1GT12ZE83FF100293 |  |

OWNER/LESSEE

ODOMETER READING: 15
ODOMETER DATE: 03/08/14
ODOMETER MESSAGE:

BOB CARLSON INC
BARRERAS JR, RICHARD SUNLAN

HLSB

**TITLE BRANDS**
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, **one registered owner must sign and date here**, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314

SIGNATURE (DOES NOT RELEASE INTEREST) | DATE
X

To release interest in the vehicle, complete the reassignment on back of the title.

SECURITY INTEREST HOLDER/LESSOR

TD AUTO FINANCE LLC
PO BOX 997551
SACRAMENTO CA 95899

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST | DATE
X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST | DATE
X

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID WITHOUT CHAIN LINK WATERMARK

1GT12ZE83FF100293

**Exhibit B**